**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Murray J. PORATH, KBA Member No. 55185, Respondent.**

**No. 2013–SC–000162–KB.**

Supreme Court of Kentucky.

May 23, 2013.

## OPINION AND ORDER

The Kentucky Bar Association (the "KBA") recommends disciplinary action against Respondent, Murray J. Porath. Porath, whose KBA member number is 55185, was admitted to the practice of law in Kentucky on October 1, 1980. His last known Bar roster address is P.O. Box 4605, Louisville, KY 40204.

The charges against Porath stem from his representation of Leonid Golod in a Jefferson Circuit Court action. Golod hired Porath to defend him in that civil action and paid Porath $300.00. Golod specifically requested that Porath file an extension of time to answer the plaintiffs complaint, but Porath failed to do so. Even after plaintiffs counsel agreed to an extension of time, Porath still did not file an answer; nor did he enter an appearance in the case or respond to the plaintiff's discovery requests.

Eventually, the plaintiff successfully moved the trial court for a default judgment against Golod. Golod was never informed of this development and believed that Porath was working on the case. After several unsuccessful attempts to contact Porath by telephone, Golod located him at the courthouse and requested that his file be returned. Porath agreed, but never returned the file.

A copy of the complaint was sent to Porath's Bar roster address, but was returned as unclaimed mail. The U.S. Postal Service provided a forwarding address located in Florida. The complaint was sent to this Florida address and Porath signed for the letter. He did not respond.

Later, the Inquiry Commission issued a charge. The charge was sent to Porath's Bar roster address and was again returned as undeliverable. The charge was sent to

the Florida address, where Porath signed for and accepted the package. He did not file an answer to the charge.

The Inquiry Commission's charge alleged five violations of the Rules of Professional Conduct. Count I alleged that Porath violated SCR 3.130–1.3 when he failed to act with reasonable diligence in representing Golod. Count II alleged a violation of SCR 3.130–1.4(a)(3) and (4), which require a lawyer to keep a client reasonably informed about the status of the matter and to promptly comply with reasonable requests for information. Count III alleged a violation of SCR 3.130–1.16(d) when Porath failed to return Golod's advance fee payment or his case file. Count IV alleged a violation of SCR 3.130–8.1(b) where Porath failed to respond to either the complaint or the charge against him. Finally, Count V alleged a violation of SCR 3.130–3.4(c) when Porath failed to maintain a valid Bar roster address as required by SCR 3.175(1)(a).

Because Porath has never responded, this matter went to the Board of Governors (the "Board") as a default case pursuant to SCR 3.210(1). The Board unanimously concluded that Porath was guilty of the five violations as charged. In recommending a 181–day suspension, the Board considered Porath's disciplinary history. He was privately admonished in 1996 and 2004 and was suspended from the practice of law for the non-payment of dues on January 23, 2013. He has not since been reinstated. We additionally consider that Porath is being suspended for a period of thirty (30) days by separate order of this Court dated this same day for additional ethical violations.

No notice of review has been filed by either Porath or the Office of Bar Counsel, and we decline to issue a notice of review. Accordingly, pursuant to SCR 3.370(9), we adopt the decision of the Board.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. Respondent Murray J. Porath, KBA Member No. 55185, is adjudicated guilty of violating SCR 3.130–1.3; SCR 3.130–1.4(a)(3) and (4); SCR 3.130–1.16(d); SCR 3.130–8.1(b); and SCR 3.130–3.4(c);

2. Porath is hereby suspended from the practice of law in Kentucky for a period of one hundred eighty-one (181) days, effective from the date of this Opinion and Order, to run consecutive to Porath's 30–day suspension pursuant to this Court's Opinion and Order dated this same day. Said suspension shall be served before Porath shall be eligible, pursuant to SCR 3.500, for restoration to membership following his suspension for nonpayment of dues under SCR 3.050;

3. Porath is ordered to return to Leonid Golod the advance fee payment in the amount of $300.00 (plus interest at the legal interest rate as stated in KRS 360.010, calculated from the date the Bar complaint was filed), within thirty (30) days of the entry of this Order;

4. Porath shall, within ten (10) days of the date of this Opinion and Order, notify all courts in which he has matters pending, if any, and shall notify all clients for whom he is actively engaged in continuing litigation or similar legal matters, if any, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel, and shall provide a copy of all such letters to the Office of Bar Counsel;

5. Porath shall, to the extent possible, cancel and cease any advertising activities in which he is engaged; and

6. Pursuant to SCR 3.450, Porath shall pay the costs of this proceeding, certified by the Disciplinary Clerk in the amount of $242.84, for which execution shall issue upon finality of this Opinion and Order.

CUNNINGHAM, KELLER, NOBLE, SCOTT and VENTERS, JJ., concur. ABRAMSON, J., not sitting.

ENTERED: May 23, 2013.

/s/ John D. Minton, Jr.
Chief Justice